**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-467-FDW-DCK**

| | |
|---|---|
| LEE ANN PRIDGEON, L.I.G. SERVICES, INC., and JOHN DOES 1-100, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) **ORDER** ) |
| RICK RYAN PEGRAM, DEBRA R. PEGRAM, and JOHN DOES 1-10, | ) ) ) |
| Defendants. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Disqualify Defense Counsel From Simultaneous Representation Of Defendants" (Document No. 38) filed August 22, 2013. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will deny the motion.

Defendants filed a timely "Memorandum In Opposition To Disqualify Defense Counsel From Simultaneous Representation Of Defendants" (Document No 39) on September 9, 2013; however, Plaintiffs have failed to a reply brief, or notice of intent not to reply, as required by Local Rule 7.1(E). See also, ("Initial Scheduling Order," 3:07-MC-47, Document No. 2, p.4). The undersigned further notes that it appears that Plaintiffs' motion failed to meet the requirement of consultation pursuant to Local Rule 7.1(B). In addition, the parties are respectfully advised that the "Initial Scheduling Order," issued by the Court on August 15, 2013, requires a memorandum of law to include a certificate by the attorney that the submission

complies with the word limitation and that "[n]on-complying briefs will be stricken summarily from the record." (3:07-MC-47, Document No. 2, p.4).

Despite the procedural defects, the undersigned has carefully considered the parties' briefs. In short, the undersigned is not persuaded that Plaintiffs have shown a conflict of interest to date that disqualifies Defendants' counsel from representing his clients. Moreover, Defendants' "Memorandum In Opposition…" (Document No. 39) is well-reasoned. The undersigned particularly agrees with Defendants' argument that this issue might have been more efficiently resolved if the parties' counsel had communicated with each other prior to engaging in motions practice. (Document No. 39, p.14). Such argument is consistent with the requirements of our Local Rules.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Disqualify Defense Counsel From Simultaneous Representation Of Defendants" (Document No. 38) is **DENIED**.

**SO ORDERED**.

Signed: September 27, 2013

David C. Keesler
United States Magistrate Judge