UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:13-CV-00467-FDW-DCK

| | |
|---|---|
| LEE ANN PRIDGEON, L.I.G. SERVICES INC., AND DOES 1-100, <br><br>Plaintiffs, <br><br>v. <br><br>RICK RYAN PEGRAM, DEBRA R. PEGRAM, AND DOES 1-10, <br><br>Defendants. | ORDER |

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. No. 41), Defendants' Motion to Strike Exhibit 8 to Plaintiffs' Complaint (Doc. No. 42), and Defendants' Motion to Strike Plaintiff's Amended Complaint or, in the alternative, Motion to Dismiss Plaintiffs' Amended Complaint and to Strike Exhibit 8 to Plaintiffs' Amended Complaint (Doc. No. 43). Upon review by the Court, for the reasons below, Defendants' Motions are DENIED.

## BACKGROUND

On November 16, 2012, Plaintiffs filed their Complaint in the United States District Court for the Eastern District of North Carolina. (Doc. No. 1.) On January 9, 2013, Defendants filed an Answer and Motion to Dismiss and to Strike Exhibit 8 to Plaintiffs' Complaint. On August 15, 2013, the District Court for the Eastern District of North Carolina issued an Order finding venue improper in the Eastern District and transferring the case to the Western District. (Doc. No. 36.) On the same day, the case was transferred to the Western District and assigned to Chief Judge Frank D. Whitney. On August 20, 2013, this Court communicated with counsel for both parties,

1

directing that all matters pending be refiled in this District pursuant to Judge Whitney's Standard Order. After more than twenty-one days had passed and without Defendants having refiled their Motions to Dismiss and Strike, on September 10, 2014, Plaintiffs filed their First Amended Complaint without seeking leave of this Court. (Doc. No. 40.) On September 24, 2013, Defendants refiled their Motion to Dismiss (Doc. No. 41) and to Strike Exhibit 8 to Plaintiffs' Complaint (Doc. No. 42). Defendants also filed a Motion to Strike the Amended Complaint or, in the alternative, to Dismiss and Strike Exhibit 8 to Plaintiffs' Amended Complaint. (Doc. No. 43.)

## ANALYSIS

### I. Defendants' Motion to Strike Plaintiffs' Amended Complaint

Defendants move to strike Plaintiffs' Amended Complaint, arguing that Plaintiffs failed to seek leave of court or written consent under Rule 15(a) of the Federal Rules of Civil Procedure. Under Rule 15(a), leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). Leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). The grant or denial of an opportunity to amend is within the discretion of the District Court. See Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court has reviewed the pleadings and finds that although Plaintiffs did not obtain leave or written consent pursuant to Rule 15(a), requiring Plaintiffs to refile to seek leave to amend would further delay this proceeding, given that the case has been lingering. This case has a unique procedural history, and of particular importance to this Court is the fact this case has been pending for approximately a year and a half without entry of a scheduling order. While this Court

adamantly enforces compliance with the Federal Rules of Civil Procedure, the Local Rules, and this Court's standing orders, Rule 15(a) gives the Court some discretion in this instance. The Court's predominant concern at this point is to move this case along. The Court does not find that Plaintiffs acted in bad faith, the amendment is futile, or the amendment is prejudicial to the Defendants. Defendants concede in their Memorandum in support of their Motion to Strike that the "changes between Plaintiffs' original Complaint and the Amended Complaint are minimal." (Doc. No. 43-1.) Under the unique facts and procedural posture of this case and because the Amended Complaint was filed prior to Defendants' renewal of their motion to dismiss, the Court finds that requiring Plaintiffs to seek leave to amend and refile the Amended Complaint would be a waste of time at this juncture. Accordingly, the Court *sua sponte* grants Plaintiffs leave to amend the Complaint and Defendants' Motion to Strike the Amended Complaint is DENIED. The Court hereby deems the Amended Complaint (Doc. No. 40) as the active Complaint in this matter.

Consequently, Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. No. 41) and Defendants' Motion to Strike Exhibit 8 to Plaintiffs' Complaint (Doc. No. 42) are DENIED AS MOOT. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (noting that an amended pleading supersedes the original pleading, rendering the original pleading of no effect).

## II. Defendants' Motion to Dismiss Plaintiffs' Amended Complaint

Defendants move, in the alternative, to Dismiss Plaintiffs' Amended Complaint. Upon review by the Court, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint under Rule 12(b)(6) is DENIED WITHOUT PREJUDICE with respect to all claims except Plaintiffs' Copyright Infringement claim. Defendants' Motion to Dismiss Plaintiffs' Copyright Infringement claim is DENIED AS MOOT because Plaintiffs concede that claim is no longer part of this action. See Young, 238 F.3d at 573 (holding that a plaintiff waives claims raised in the original complaint

3

but omitted from an amended complaint). This ruling is without prejudice, and Defendants are free to re-raise the arguments set forth in the Motion again at summary judgment.

For the reasons below, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint under Rule 12(b)(7) is also DENIED. Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to join an indispensable party under Rule 19. In ruling on a motion to dismiss for failure to join a necessary and indispensable party, a court must accept as true the allegations of the Complaint. Buttar v. November, No. 3:10-CV-668, 2011 WL 2375492, at *7 (W.D.N.C. June 9, 2011) (citing Davis Cos. v. Emerald Casino, Inc., 268 F.3d 477, 479 n.2 (7th Cir. 2001)). The moving defendant has the burden of showing that a party must be joined for just adjudication. Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005).

The court makes a two-step inquiry. First, the court must determine whether a party is necessary to the action pursuant to Rule 19(a). Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). A party is necessary if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Second, if a party is necessary but cannot be joined, the court must then determine whether the party is indispensable under Rule 19(b). If the party is indispensable, the court must dismiss the action. In determining whether a party is indispensable, the court weighs the following factors: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the

shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

Determinations as to necessity and indispensability are left to the sound discretion of the trial court. See Coastal Modular Corp. v. Laminators, Inc., 635 F.2d 1102, 1108 (4th Cir. 1980). However, dismissal of a case for nonjoinder is a drastic remedy and should be employed sparingly. Nat'l Union Fire Ins. Co. v. Rite Aid of S.C., Inc., 210 F.3d 246, 250 (4th Cir. 2000) (citing Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 917-18 (4th Cir. 1999)).

Defendants move to dismiss Plaintiffs' Amended Complaint under Rule 12(b)(7), alleging that Plaintiffs failed to join Leigh Adams as a necessary and indispensable party. (Doc. Nos. 41-1, 43.) Upon review, Defendants have failed to demonstrate that Ms. Adams is a necessary and indispensable party. The series of emails Defendants allege implicate Ms. Adams are insufficient, without more, to make Ms. Adams a necessary party to this action. Further, Defendants have failed to give a reason why, even if Ms. Adams were a necessary party to this action, she cannot be joined or is indispensable. Therefore, Defendants' Motion to Dismiss under Rule 12(b)(7) is DENIED.

**III. Defendants' Motion to Strike Exhibit 8**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendants also move to Strike Exhibit 8, which is attached to Plaintiffs' Amended Complaint. Under Rule 12(f), a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter on motion by a party. Fed. R. Civ. P. 12(f). However, motions to strike under Rule 12(f) are to be infrequently granted. See Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc., 227 Fed. Appx. 239, 247 (4th Cir. 2007). Moreover, disputes over Rule 408 of the Federal Rules of Evidence should be resolved as evidentiary matters with motions in limine rather

than prematurely in Rule 12(f) motions. See Lane v. Endurance Am. Specialty Ins. Co., No. 3:10-CV-401, 2011 WL 1343201, at *4 (W.D.N.C. Apr. 8, 2011) (citing TriQuint Semiconductor, Inc. v. Avago Technologies, Ltd., 2010 WL 3034880, at *3-4 (D. Ariz. Aug. 3, 2010)). Here, Defendants move to strike Exhibit 8 to Plaintiffs' Amended Complaint under Rule 12(f), alleging that it was part of a compromise and negotiation exchange between the parties under Rule 408 of the Federal Rules of Evidence. Because Rule 408 is an evidentiary rule, Defendants' arguments would be better served in a motion in limine to exclude the document from trial. For the foregoing reasons, Defendants' Motion to Strike Exhibit 8 to Plaintiffs' Amended Complaint is DENIED.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. No. 41) is DENIED AS MOOT. Defendants' Motion to Strike Exhibit 8 to Plaintiffs' Complaint (Doc. No. 42) is DENIED AS MOOT. Defendants' Motion to Strike Plaintiffs' Complaint or, in the alternative, to Dismiss Plaintiffs' Amended Complaint and to Strike Exhibit 8 to Plaintiffs' Amended Complaint (Doc. No. 43) is DENIED as explained in this Order.

IT IS FURTHER ORDERED that the parties are hereby ORDERED to file their Certification of Initial Attorneys' Conference by Friday, May 16, 2014, so that a scheduling order may be promptly entered in this case.[1]

**IT IS SO ORDERED.**

Signed: May 13, 2014

Frank D. Whitney
Chief United States District Judge

---

[1] The Court notes that counsel and the parties were made aware that the pending Motions to Dismiss did not toll any deadlines in this matter. (Doc. No. 52). Defendants filed their answer on April 10, 2014, which in effect established joinder of the issues under this Court's standing orders. The parties were thus required to promptly conduct an Initial Attorneys' Conference and file their Rule 26(f) report with this Court in accordance with the Federal Rules of Civil Procedure and this Court's standing orders. Nevertheless, counsel has failed to timely comply with these rules. The Court gives counsel until this Friday, May 16, 2014, to comply.